### APPEAL OF THE WARREN CO.

Docket No. 4588.     Submitted December 15, 1925.     Decided April 3, 1926.

The determination of the Commissioner disallowing, as a deduction for compensation for services rendered, additional amounts credited to officers of a corporation in December of the taxable year, the officers owning all of the stock and such additional credits being in] substantial accord with their stockholdings, *approved* in the absence of proof that such additional credits, together with the other compensation paid during the taxable year, constituted reasonable compensation for services rendered. Deduction *allowed* corporation, under such circumstances, in the case of one officer, upon proof that the amount credited to him did not exceed a reasonable compensation.

*Morris D. Kopple, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

#### FINDINGS OF FACT.

The taxpayer is a Texas corporation with its principal office in Houston. During 1920 and 1921 it was engaged in the plumbing business in Houston and had an established reputation, having completed contracts for the plumbing work upon some of the larger and most recently built office buildings in that city. It had the following officers and directors: B. W. Warren, president and general manager; C. L. Warren, treasurer, construction superintendent, and assistant manager; and J. W. Phillips, vice president, secretary, and assistant general manager. All of these officers had several years' experience in the business prior to the organization of the taxpayer by them in 1914.

B. W. Warren was in charge of securing business, having good business connections and being well known among architects and builders. He also did the buying for most of the large contracts. C. L. Warren supervised all construction work and did all of the estimating. Phillips was in charge of the office, secured estimates and prices upon materials, attended to some of the buying, and assisted in the management of the business. Each of the three devoted their entire time and long hours to the business.

When the corporation was organized there was an understanding, which continued to the years here in question, that salaries of the officers would be based on what the company was able to pay. In 1919 the salaries paid the several officers were as follows: B. W. Warren, $6,000; C. L. Warren, $3,300; and Phillips, $3,000. During that year the corporation paid a cash dividend. On March 1, 1920, the directors, consisting of the three officers, passed a resolution " to raise all salaries beginning with January 1, 1920." No amount was fixed in the resolution. Salaries were credited on the books monthly during 1920 as follows: B. W. Warren, $800; C. L. Warren, $350; and Phillips, $300. In December, 1920, there were credited to their respective accounts the following additional amounts: B. W. Warren, $9,000; C. L. Warren, $1,200; and Phillips, $1,500. At that time C. L. Warren and Phillips had each overdrawn their accounts to approximately the amounts so credited to them. Beginning on January 1, 1921, the officers were credited monthly with salaries as follows: B. W. Warren, $1,550; C. L. Warren, $450; and Phillips, $425.

Upon its tax returns the taxpayer claimed the full amount of such credits to its officers as proper deductions for salaries. The Commissioner refused to allow as a deduction for 1920 the amount of $11,700, credited in December, 1920, and also reduced the amount claimed in 1921 by a like amount. During 1920 and 1921, 80 per cent of the stock of taxpayer was owned by B. W. Warren; 10 per cent by C. L. Warren; and 10 per cent by Phillips. The gross business of the taxpayer in 1920 was $208,549.06, which was more than double that of 1919, and in 1921 it was $198,634.52. The net income for 1919 was $6,320.25; for 1920, $35,582.89; and for 1921, $641.63, before the deduction of any part of the amounts in dispute in this appeal.

In 1921 a stock dividend was declared, increasing the stock from a par value of $20,000 to $50,000. In 1922 salaries were reduced below the amounts credited in 1920 and 1921, and C. L. Warren left the employ of the taxpayer for a more lucrative position. Five thousand four hundred dollars was reasonable compensation for the services rendered to the corporation by C. L. Warren during 1920 and 1921.

The return filed by the taxpayer for 1921 showed a loss of over $19,000 and no tax due. In the deficiency letter from which the appeal is taken the Commissioner determined the 1921 net income to be $641.63 and no tax to be due.

OPINION.

PHILLIPS: For the year 1921 the taxpayer has paid no tax and the Commissioner has found no tax to be due and has asserted no deficiency. The deficiency for 1920 is not affected by the determination of the net income for 1921, and in these circumstances there is nothing before the Board for its determination with reference to 1921. The appeal, so far as it relates to that year, must be dismissed.

During 1919 the taxpayer paid its officers salaries of $12,300. In 1920 it increased the monthly credits for salaries, and in this manner, during the year, credited its officers with $17,400 as salaries, which amount has been allowed as a deduction by the Commissioner. In December, 1920, it credited the accounts of its officers with the additional sum of $11,700, claimed by it to be additional salaries. This amount was disallowed as a deduction by the Commissioner. It was divided between the officers substantially upon the basis of their stock ownership. No dividend was declared in 1920, although the taxpayer's business was much more successful in that year than in 1919 when dividends had been declared. In such circumstances, we are not inclined to disturb the determination of the Commissioner without some convincing proof that the payments were reasonable compensation for the services rendered. No such proof has been furnished, except with respect to C. L. Warren. We are satisfied that the additional $1,200 credited to him in December, 1920, together with his other compensation, was reasonable compensation for the services he performed, and the net income for 1920, as computed by the Commissioner, should be reduced by $1,200.

*Order dismissing the appeal as to the year 1921 and redetermining tax for 1920 will be entered on 15 days' notice, under Rule 50.*